IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MORAVIAN ASSOCIATES, L.P., et al,      :
                                        :
            Plaintiffs,                 :      CIVIL ACTION
                                        :
      v.                                :      No. 06-cv-2165
                                        :
THE HENDERSON CORPORATION,              :
                                        :
            Defendant.                  :

MEMORANDUM AND ORDER

Joyner, J.                                      October 6, 2008

FACTUAL BACKGROUND

     Before this Court is Defendant Henderson Corporation's

Motion for Attorney's Fees and Expenses (Doc. No. 48), and the

Response in Opposition (Doc. No. 52) filed by Plaintiffs,

Moravian Associates, L.P., et al.

     A non-jury trial was held in this case on February 11, 12,

and 13, 2008, and this Court issued an opinion on August 12,

2008.  Moravian Assocs., L.P. v. Henderson Corp., 2008 U.S. Dist.

LEXIS 62260, 2008 WL 3562468 (E.D. Pa. Aug. 12, 2008).  This

Court found that under the Pennsylvania Contractors and

Subcontractors Payment Act (CASPA), 73 Pa. Const. Stat. § 512(b),

Defendant, the Henderson Corporation, was the "substantially

prevailing party," and, as such, was entitled to attorneys fees.

Id. at *40.  At the time of this decision, the Court did not have

1

sufficient information to make a finding as to attorney's fees

and requested post-trial motions from the parties on this matter

Id. at *41-42.  We will now determine reasonable attorneys fees

and costs.

DISCUSSION

As articulated by this Court in Enright v. Springfield Sch.

Dist., 2008 U.S. Dist. LEXIS 20051, *5-6, 2008 WL 696845, *1-2

(E.D. Pa. Mar. 13, 2008),

> A  prevailing party . . . is not automatically
> entitled to compensation for all the time its
> attorneys spent working the case. Interfaith
> Community Organization v. Honeywell, 426 F.3d 694,
> 711 (3d Cir. 2005). The party seeking attorneys'
> fees has the burden to prove that its request is
> reasonable; to meet this burden, that party must
> submit evidence to support the hours and billing
> rates it claims. Potence v. Hazleton Area School
> District, 357 F.3d 366, 374 (3d cir. 2004), citing
> Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.
> 1990). A reasonable hourly rate multiplied by a
> reasonable number of hours expended -- the lodestar
> -- is the presumptively reasonable fee. Planned
> Parenthood v. Attorney General of State of New
> Jersey, 297 F.3d 253, 265, f.5 (3d Cir. 2002),
> citing Hensley v. Eckerhart, 461 U.S. 424, 103
> S.Ct. 1933, 76 L.Ed.2d 40 (1983) and Loughner v.
> University of Pittsburgh, 260 F.3d 173, 177 (3d
> Cir. 1995). [ . . .]
>
> It should be noted that a court may not reduce an
> award sua sponte; rather it can only do so in
> response to specific objections made by the
> opposing party. Once such objections have been
> registered, it is then incumbent upon the court
> awarding fees to decide whether the hours set out
> were reasonably expended for each of the particular
> purposes described and then exclude those that are
> excessive, redundant or otherwise unnecessary.

2

Interfaith Community, supra., citing Public
Interest Research Group of New Jersey, Inc. v.
Windall, 51 F.3d 1179, 1188 (3d Cir.1995) and Bell
v. United Princeton Properties, Inc., 884 F.2d 713,
719 (3d Cir. 1989). Thus, "it is necessary that the
Court go line by line through the billing records
supporting the fee request." Evans v. Port
Authority of New York and New Jersey, 273 F.3d 346,
362 (3d Cir. 2001).

In its motion and supporting memorandum, Henderson has
provided the names, qualifications and hourly rates of each
attorney that has worked on this project, as well as a detailed
"Time and Expense Details" report ("Report") that provides work
summaries over the past two years. Def. Exh. A.  Hence, the
defense has provided evidence to support its claim that the
attorneys are entitled to $323,198.50 in fees and $11,015.55 in
costs.  Plaintiff, in opposition, raises four objections to
challenge these reports and this Court will address only these
objections.  In regards to these challenges, it is noted that,
"the burden remains on the party requesting the fee to prove its
reasonableness, and the court has 'a positive and affirmative
function in the fee fixing process, not merely a passive role.'
Interfaith Community Organization, 426 F.3d at 713 (citing
Loughner, 260 F.3d at 178).  While Moravian does not challenge
the reasonableness of the hourly rates charged by Henderson's
attorneys, it does object to a number of entries as "excessive,
redundant or otherwise unnecessary."  Interfaith, 426 F.3d at
1188.

**I. Attorneys fees related to Henderson's Confession of Judgment and subsequent state court matters**

Moravian argues that, as a part of the Confession of Judgment submitted on March 26, 2007, Henderson's attorneys were compensated for their time and attention in that matter, totaling $167,900.00, or 5% of the $3,358,000.00 principle indebtedness, as a part of the judgment.  Pl. Exh. A ("Complaint for Confession of Judgment").  However, Moravian notes that numerous entries in the Report refer to work done on the Confession of Judgment.  See Pl. Exh. B ("Billing Entries for Confession of Judgment").  Our review of these entries does find that eleven (11) entries concern "work on confession of judgment package," "prepare confession for filing," and the like.[1]  This

---

[1]

| Date | Hrs | Attorney | Rate | Description | Deduction |
|------|-----|----------|------|-------------|-----------|
| 5/16/06 | .4 | Thomas N. Sweeney | $225 | **Phone conference with MAK and AFB re: confession of judgment** and removal of state action to federal court. | 50%: .2 hours; $45.00 |
| 6/2/06 | 3 | Thomas N. Sweeney | $225 | **Work on confession of judgement package, namely complaint and affidavits in support thereof;** continue analysis of documents supporting Moravian defendant's claim of sufficient collateral to protect Henderson's interests | 50%: 1.5 hours; $337.50 |
| 6/4/06 | 1 | Thomas N. Sweeney | $225 | **Work on confession of judgment package** | 100%: 1 hour; $225.00 |
| 3/20/07 | 1.2 | Thomas N. Sweeney | $245 | Onufrak correspondence; answer to complaint; **confession of judgment** | 50%: .6 hours; $147.00 |

work would fall under the attorneys fees awarded in the confession of judgment and would be duplicative if awarded in this matter. Clearly, however, deductions for these activities are made complicated in light of the fact that multiple tasks were billed within the same time entry. Accordingly, we will assume that each task listed took an equal amount of time and deduct an appropriate fraction each entry concerning the

| 3/20/07 | 2.5 | Thomas N. Sweeney | $245 | Work of complaint against Moravian defendants; **Prepare confession package; conferences with GEP, MAK and JL re: same** | 50%: 1.25 hours; $306.25 |
|---|---|---|---|---|---|
| 3/23/07 | .8 | George E. Pallas | $290 | Phone conference with Joe Britton, counsel for Olde Town re: status; **Conference with MAK re:12(b)(6) motion and status of confession of judgment** | 50%: .4 hours; $116.00 |
| 3/23/07 | 4.5 | Thomas N. Sweeney | $245 | **Work on confession of judgment package;** revisions to Motion to Dismiss | 50%: 2.25 hours; $551.25 |
| 3/26/07 | 3.2 | Thomas N. Sweeney | $245 | Revisions to Motion to Dismiss; incorporate MAK revisions; file same; **prepare confession for filing** | 25%: .8 hours; $196.00 |
| 3/23/07 | 2.6 | Marian A. Kornilowicz | $300 | **Review and revise confession package;** Multiple phone cf. counsel for Citizens, Onufrak and clients | 50%: 1.3 hours; $390.00 |
| 3/26/07 | .5 | George E. Pallas | $290 | Meeting with client re: Citizen's Bank meeting; **Conference with MAK re: confession of judgment** | 50%: .25 hours; $72.50 |
| 3/29/07 | .8 | Marian A. Kornilowicz | $300 | Phone cf. with adversary and client re: resolution; **Prepare corr. re: confession** | 50%: .4 hours; $120.00 |
| | | | | TOTAL: | 9.95 hours; $2,506.50 |

confession of judgment.  Hence, the award will be reduced by a
total of 9.95 hours, totaling $2,506.50.

Similarly, the remaining entries challenged by Moravian
concerning the confession of judgment appear to be related to
Moravian's petition to Open Confession of Judgment.[2] Pl. Exh. B.

---
2

| Date | Hrs | Attorney | Rate | Description | Deduction |
|------|-----|----------|------|-------------|-----------|
| 5/4/07 | 1.4 | Marian A. Kornilowicz | $300 | **Review petition to open confessed judgment**; Multiple phone cf. with adversary and court re: stipulations; Review and prepare same | 50%: .7 hours; $210.00 |
| 5/10/07 | 2.2 | Marian A. Kornilowicz | $300 | Multiple phone cf. adversary and client re: stipulation, etc; **Prepare response to petition to open** | 50%: 1.1 hours; $330.00 |
| 5/16/07 | 2 | Alexander F. Barth | $205 | **Draft Memorandum of Law in response to Motion to Open Confession Judgment** | 100%: 2 hours; $410.00 |
| 5/16/07 | 5.2 | Marian A. Kornilowicz | $300 | Phone cf. adversary and Court re: status and scheduling; **Prepare response to petition;** Review file, etc. | 50%: 2.6 hours; $780.00 |
| 5/17/07 | 3.8 | Marian A. Kornilowiscs | $300 | **Prepare, revise and edit response to petition supporting memorandum** | 100%: 3.8 hours; $1140.00 |
| 5/17/07 | 1.5 | Alexander F. Barth | $205 | **Review, revise and file response to motion to open confessed judgment** | 100%: 1.5 hours; $307.50 |

While we recognize that Henderson's defense to Moravian's petition to open the confessed judgment was a part of Henderson's overall defense under the Settlement Agreement, the work done in opposition to Moravian's petition did not contribute towards the outcome in the present district court action and cannot be compensated as such.  The litigation surrounding the Motion to Open were fully litigated in state court and were distinct to the litigation in this Court.  Again, as these tasks were billed in the same entry as other reimbursable tasks, they will be reduced by the relevant portion of that entry (assuming that each tasks took an equal amount of time).  Thus, the petition will be

| 7/24/07 | 1 | Lance S. Forbes | $205 | **Legal research in re: Defendant's appeal frm denial of petition to open confession of judgment;** emails to and from Stuart Lurie in re: production of Citizen's Bank documents; **Receipt and review of Defendant's Notice of Appeal from order denying Petition to Open Confession of Judgment** | 80%: .8 hours; $164.00 |
| 12/4/07 | 1.7 | Lance S. Forbes | $205 | **Letter from court re: mediation on petition to open confession on judgment appal; preparation of mediation position paper;** preparation of cross-examination outline of Jonathan Sutton. | 50%: .9 hours; $184.50 |
| 12/7/07 | .2 | Lance S. Forbes | $205 | **Emails to and from Mary Dixon re: mediation in re: denial of petition to open confession of judgment** | 100%: .2 hours; $41.00 |
| | | | | TOTAL | 13.6 hours; $3,567.00 |

reduced by a total of 13.6 hours, totaling $3,567.00 dollars.

## II. Sub-contractor communications regarding threatened law suits

Moravian disputes three (3) entries pertaining to lawsuits threatened by subcontractors, not connected to this litigation.[3] This Court agrees that there is no way to determine if the entries were made in furtherance of the resolution of the case at hand or if they concerned separate collateral matters.  Hence, we will strike 3.5 hours of time from the calculation and deduct $828.00 from the award.

## III. Vague entry descriptions

Defendants argue that many of Henderson's attorneys entries are too vague to provide a reasonable description of the work

---

[3]

| Date | Hrs | Attorney | Rate | Description | Deduction |
|------|-----|----------|------|-------------|-----------|
| 2/21/07 | 1.2 | George E. Pallas | $290 | Phone Conference with Mile Onufrak re: meeting; Conference with MAK re: case strategy; **Phone Conference with Berlin Steel re: payment** | 1.2 hours; $348.00 |
| 5/17/07 | 2.2 | Lance S. Forbes | $205 | **Review of correspondence to produce all correspondence dealing with the threatened lawsuits by subcontractors** | 2.2 hours; $451.00 |
| 12/13/07 | .1 | George E. Pallas | $290 | **Phone conference with elevator subcontractor re: payment** | .1 hours; $29.00 |
|  |  |  |  | TOTAL | 3.5 hours; $828.00 |

done.  See Pl. Exh. C ("Vague and Poorly Described Billing
Entries").  Certainly, a "fee petition is required to be specific
enough to allow the . . . court to determine if the hours claimed
are unreasonable for the work performed." Tenafly Eruv Ass'n v.
Borough of Tenafly, 195 Fed. Appx. 93, 99-100 (3d Cir. N.J. 2006)
(quoting Washington v. Phila. County Ct. of Common Pleas, 89 F.3d
1031, 1037 (3d Cir. 1996) (internal quotation marks omitted)).
Hence, it

> should include some fairly definite information as
> to the hours devoted to various general activities,
> e.g., pretrial discovery, settlement negotiations,
> . . . [but] it is not necessary to know the exact
> number of minutes spent nor the precise activity to
> which each hour was devoted nor the specific
> attainments of each attorney.

Washington, 89 F.3d at 1037-38 (internal quotation marks
omitted).  Though some entries lack complete clarity, in most
entries, Henderson's attorneys have adequately documented their
time in line with this standard.  Pl. Exh. C ("Review and revise
reply," "Multiple interoffice cf. re Citizens," "Trial
preparation/organization; review of Judge Joyner's trial
procedures" );  See also Loesch v. City of Philadelphia, 2008
U.S. Dist. LEXIS 48757, *17, 2008 WL 2557429, *6 (E.D. Pa. June
19, 2008) ("We find that the computer-generated time sheets
provide a sufficient description of the general nature of each
activity performed, and it would not be practicable to describe
every iota of every discrete time period in greater detail.");

Tomasso v. Boeing Co., 2007 U.S. Dist. LEXIS 70001, *13, 2007 WL 2753171, *5 (E.D. Pa. Sept. 21, 2007) (noting that "[i]t was not practicable to describe each document that was reviewed by counsel in each time entry."); Grove v. City of York, 2007 U.S. Dist. LEXIS 20255, *10, 2007 WL 906439, *3 (M.D. Pa. Mar. 22, 2007) ("While the court agrees with the City that 'prepared for trial' and 'continued preparation for trial' are not highly detailed, the court concludes that the description is within the bounds articulated in Lindy Bros.") (citing Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 167 (3d Cir. 1973)).  However, the following entries are not specific enough for the Court to determine if they were reasonable:

(1) Moravian takes issues with six separate entries by partner, Lonny S. Cades, which are described only as "Review of Documents."  This Court agrees that it is would be unreasonable to award those fees, as we are unable to ascertain what Mr. Cades, a partner in the firm, was reviewing and if the documents in any way related to the matters at hand.  The fact that Mr. Cades was not a core part of the team working on the case and, ultimately, seemed only to either review documents or hold conferences, adds to our inability to determine if these entries

10

are relevant to the litigation.  Hence, the 18.4 hours[4] spent
solely on document review will be subtracted from the overall
reward, resulting in a deduction of 18.4 hours, totaling
$5,336.00 (18.4 hours at a rate of $290.00).

**IV. Excessive billing**

Moravian points to general overstaffing on the part of
Henderson's attorneys, claiming that fifteen attorneys over two
years should be considered excessive or redundant.  While this
Court finds that this number of attorneys is startling, it also
notes that a myriad of issues, involving mortgages, construction
agreements and real estate, were at issue.  We also note that it
appears that the majority of the work was done by four attorneys,
Marian A. Kornilowicz, George E. Pallas, Lance S. Forbes and

---

[4]

| Date | Hrs | Attorney | Rate | Description | Deductions |
|------|-----|----------|------|-------------|------------|
| 2/2/07 | 3.5 | Lonny S. Cades | $290 | Review of documents | 3.5 hours; $1,015.00 |
| 2/3/07 | 2.5 | Lonny S. Cades | $290 | Review of documents | 2.5 hours; $725.00 |
| 2/4/07 | 4.6 | Lonny S. Cades | $290 | Review of documents | 4.6 hours; $1,334.00 |
| 2/11/07 | 4.8 | Lonny S. Cades | $290 | Review of documents | 4.8 hours; $1392.00 |
| 2/27/07 | 0.5 | Lonny S. Cades | $290 | Review of documents | .5 hours; $145.00 |
| 2/28/07 | 2.5 | Lonny S. Cades | $290 | Review of documents | 2.5 hours; $725.00 |
| | | | | TOTAL | 18.4 hours; $5,336.00 |

11

Ashling A. Lyons.  Additionally, Moravian has stated only "it
appears that no less than 15 attorneys worked on the matter in
the last two years or so.  This is too inefficient under any
circumstances."  Pl. Memo. Oppos. Fee. Pet.  However, the Third
Circuit has held in similar matters,

> [W]e emphasize that the adverse party's submissions
> cannot merely allege in general terms that the time
> spent was excessive. In order to be sufficient, the
> briefs or answers challenging the fee request must
> be clear in two respects. First, they must
> generally identify the type of work being
> challenged, and second, they must specifically
> state the adverse party's grounds for contending
> that the hours claimed in that area are
> unreasonable.

Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720-21
(3d Cir. 1989).  As it is unclear what type of work is being
challenged and what the grounds are for claiming that is
unreasonable, this Court will not deduct from the overall award
on this account.

Finally, Moravian asserts that Henderson's attorneys
excessively billed 64.7 hours to prepare for the cross-
examination of Jonathon Sutton, a lead developer and witness in
the matter.  After reviewing each entry and finding, indeed, that
two attorneys, an associate and a partner, billed 64.7 hours,
totaling $15,047.00, exclusively on this task, we agree that
this was excessive to prepare for one cross-examination.  See
R.C. v. Bordentown Regional Sch. Dist. Bd of Educ., 2006 U.S.

12

Dist. LEXIS 72720, 2006 WL 2828418, at *3 (D.N.J. Sept. 29, 2006) (hours spent in preparation for the hearing were considered relative to the actual length of the hearing); Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480 (D.N.J 1998) (finding it "excessive" for an attorney to spend three times the number of hours preparing as trying the case).  This number is even more staggering in light of the time billed separately by Mr. Forbes as general "trial preparation."  This Court finds that a total of 12 hours would be adequate to prepare for one cross examination in this case.  Accordingly, Mr. Forbes's hours will be reduced from 49.2 hours to 10 hours and Mr. Pallas's hours from 15.5 hours to 2 hours, resulting in a total deduction of $12,319.00.[5]


## CONCLUSION

After fully reviewing the Henderson's attorneys submissions and Moravian's challenges to these entries, we will deduct the following from the total lodestar calculation:

| Description | Time deducted | Amount deducted |
|---|---|---|
| State court-related entries | 23.55 hours (involving multiple attorneys) | $6,073.50 |

---

[5]This rate is based on an hourly rate for Mr. Forbes's of $207.50, the average of his hourly rates between 2007 to 2008, $205.00 and $210.00 respectively.  A deduction of 39.2 hours for Mr. Forbes's work, therefore, results in a deduction of $8,134.00.  Mr. Pallas's total deduction is $4,185.00 based on a deduction of 13.5 hours at an hourly rate of $310.00.

| Sub-contractor claims | 3.5 hours (involving George E. Pallas at $290.00 and Lance S. Forbes at $205.00) | $828.00 |
|---|---|---|
| Vague entries | 18.4 hours (involving Lonny S. Cades at $290.00) | $5,336.00 |
| Excessive time | 52.7 hours (involving Lance S. Forbes at $207.50 and George E. Pallas at $310.00) | $12,319.00 |
| TOTAL | 98.15 hours | $24,556.50 |

Hence, $24,556.50 will be deducted from Henderson's initial demand of $323,198.50 for reasonable attorney's fees.  Henderson is therefore entitled to a total sum of $298,642.00 in reasonable attorneys fees, as well as $11,015.55 in costs associated with their defense of this federal action.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MORAVIAN ASSOCIATES, L.P., et al,    :
                                     :
            Plaintiffs,              :    CIVIL ACTION
                                     :
     vs.                             :    No. 06-cv-2165
                                     :
THE HENDERSON COMPANY,               :
                                     :
            Defendant.               :

ORDER


AND NOW, this   6TH   day of October, 2008, upon
consideration of Defendant's Motion for Attorneys Fees and
Expenses, and responses thereto, for reasons set forth in the
attached Memorandum, it is hereby ORDERED that pursuant to 73 Pa.
Const. Stat. § 512(b) the Motion is GRANTED and Plaintiffs,
Moravian Assoc., L.P., et al, are DIRECTED to pay the sum of
$298,642.00 in attorneys fees and $11,015.55 in expenses to
Defendants, the Henderson Corporation, and their counsel within
thirty (30) days of the entry of this order.


                              BY THE COURT:




                              S/J. CURTIS JOYNER
                              J. CURTIS JOYNER, J.